IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HENRIETTA J. TURLEY,

        Plaintiff,

                                         CIVIL ACTION NO.

v.                               1:10-CV-2284-JEC

VAUDEVILLE CAFÉ, LLC, a
Tennessee Limited Liability
Company, ABC Corp, a business
entity, John Doe, an
individual,

        Defendants.

## ORDER and OPINION

    This case is presently before the Court on Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's Complaint [3] and Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [8]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's Complaint [3] is **DENIED** as moot and Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [8] should be **GRANTED**.

## BACKGROUND[1]

This is a torts case.  On July 25, 2009, plaintiff, a citizen of Georgia, traveled to Chattanooga, Tennessee to dine at defendant Vaudeville Café, LLC, which operates a mystery dinner theatre. (Compl. [1] at ¶ 2-3.)  Defendant is a Tennessee Corporation with its principal place of business also in Tennessee.  (Compl. [1] at ¶ 1.)  Plaintiff alleges that, while in Tennessee, she contracted food poisoning due to defendant's negligence, (Compl. [1] at ¶ 2(c)-(f)), and incurred approximately $15,000.00 in medical expenses. (Compl. [1] at ¶ 3.)

Relying on diversity jurisdiction, plaintiff filed suit in this Court seeking $500,000.00 in damages.  Defendant now seeks to dismiss plaintiff's complaint for lack of personal jurisdiction and improper venue.  *See generally* Def.'s Mot. Dismiss [3] and Def.'s Mot. Dismiss Pl.'s First Am. Compl. [8].  In support of its motion, defendant submits the unrebutted affidavit of its owner, Chris Hampton.  (*See* Aff. Chris Hampton, attached in support of Def.'s Mot. Dismiss [3].)

---

[1]  These facts are taken from plaintiff's initial complaint [1].  The Court takes all factual allegations in the light most favorable to plaintiff.

2

**DISCUSSION**

The Court addresses the operative motion to dismiss, which is defendant's motion to dismiss plaintiff's First Amended Complaint [8]. Arguing that its activities do not satisfy the Georgia Long-Arm Statute, defendant contends that this Court lacks personal jurisdiction over it. Additionally, defendant notes that not only does the complaint fail to make any reference to venue, but those facts that can be adduced from the complaint affirmatively show that venue does not lie in the Northern District.

In response to defendant's initial motion to dismiss [3], plaintiff had argued that her original complaint was sufficient. (Pl.'s Resp. [5].) Nonetheless, she filed an Amended Complaint [6], thereby requiring defendant to file a subsequent Motion to Dismiss [8] addressing the second complaint. Plaintiff has chosen not to file any opposition to defendant's second motion to dismiss. As her first, and only, response did not address defendant's argument in any meaningful way, defendant's substantive arguments remain essentially unrebutted by plaintiff.

For the reasons that follow, defendant's motion to dismiss [8] should be **GRANTED**.

**I.   Applicable Standard**

In order to exercise personal jurisdiction over a defendant, a plaintiff must demonstrate that jurisdiction is (1) appropriate

3

under the state long-arm statute and (2) comports with the due process requirements of the constitution. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). A plaintiff who seeks to exercise personal jurisdiction over a nonresident defendant bears the initial burden of alleging facts in the complaint that would be sufficient to make out a prima facie case of jurisdiction. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010), citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). If the defendant challenges jurisdiction and submits affidavit evidence in support thereof, the burden then shifts back to the plaintiff to provide evidence supporting jurisdiction. *Id.* Where the plaintiff's affidavit and supporting evidence conflict with defendant's affidavits, the Court must construe all reasonable inference in favor of the plaintiff. *Id.*

**II. The Georgia Long-Arm Statute Does Not Confer Jurisdiction Over Defendant.**

Georgia's Long-Arm Statute allows for personal jurisdiction against a defendant in a number of circumstances. *See generally* O.C.G.A. § 9-10-91. Plaintiff's initial and amended complaint, as well as her response in opposition to defendant's motion to dismiss, fail to mention the particular prong of the Long-Arm Statute in which the defendant's conduct allegedly falls. The Court has

4

undertaken its own review and has concluded that only the first

three provisions are potentially applicable.[2]  These three allow for

personal jurisdiction against one who:

> (1)  Transacts any business within this state;
>
> (2)  Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;
>
> (3)  Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

O.C.G.A. § 9-10-91(1)-(3).

In its motions to dismiss, defendant contends that plaintiff

has failed to demonstrate that any of these three provisions give

rise to personal jurisdiction under the Georgia Long-Arm Statute.

As to the first prong, defendant has presented an affidavit

indicating that it does not transact any business in Georgia.

Defendant has only one location: Chattanooga, Tennessee. (Hampton

Aff. [3] at ¶ 4.)  Defendant has no offices in Georgia, nor has it

ever had any offices in Georgia.  (*Id*. at ¶¶ 5-6.)  Defendant has

no officers who reside in Georgia.  (*Id*. at ¶ 7.)  Defendant has

never owned, leased, or possessed property in Georgia.  (*Id*. at ¶¶

---

[2]  The remaining provisions concern real property and disputes arising out of domestic relations.

8-10.)  Defendant has never owned a bank account in Georgia.  (*Id*. at ¶ 11.)  Finally, defendant has never sold goods in Georgia, nor has it ever shipped goods to Georgia.  (*Id*. at ¶¶ 12-13.)

As to the second prong--which requires the defendant to have committed a tortious <u>act</u> <u>within</u> <u>the State of Georgia</u>--defendant argues that it clearly did not do so, as defendant's restaurant is in Tennessee and the allegedly contaminated food was served to plaintiff while she was in Tennessee.

The third prong recognizes jurisdiction when a defendant has committed a tortious injury in Georgia that was caused by an <u>act</u> <u>outside the state</u>, as long as the defendant regularly does or solicits business in Georgia, or engages in any other persistent course of conduct here, or derives substantial revenue from goods consumed or services rendered in Georgia.

As to where the injury was "committed," plaintiff appears to be asserting that, while the injury was caused by an act committed outside of Georgia, the injury, itself--plaintiff's hospitalization and medical expenses--were incurred in Georgia when plaintiff later obtained treatment for her food-poisoning.  Defendant counters, however, with a Georgia Court of Appeals decision holding that a tort occurs where the injury took place, and not at the place of the economic consequences of the injury.  *See Gee v. Reingold*, 259 Ga. App. 894, 897 (2003), citing *Atlanta Propeller Svc., Inc. v. Hoffman*

6

*GmBH & Co. KG*, 191 Ga. App. 529, 530 (1989).  The Court agrees that plaintiff's injury occurred when and where she was served the contaminated food, which was in Tennessee.

Even had the injury been deemed to have occurred in Georgia, as a result of plaintiff's medical treatment here, defendant further argues that plaintiff has failed to demonstrate the second requirement of this third prong: that the defendant had regularly done or solicited business here.  In her complaints, plaintiff notes that defendant's advertisements reached Georgia residents. Defendant, however, cites to case authority in which Georgia courts have held that general advertising is insufficient to confer jurisdiction.  *See Flint v. Gust*, 180 Ga. App. 904 (1986), reversed in part and affirmed in part by *Gust v. Flint,* 257 Ga. 129 (1987) and *Phears v. Doyne*, 220 Ga. App. 550 (1996).[3]

Plaintiff has offered no real response to defendant's arguments.  She never makes clear on which provision of the Georgia Long-Arm Statute she relies.  She never engages the defendant as to

---

[3]  Defendant acknowledges that these cases dealt with the first prong of the statute, which requires a showing that a defendant transacted business in Georgia, but argues that this case authority suggests that Georgia courts have not found general advertising, by itself, to confer jurisdiction.  Indeed, the court in *Phears* noted: "It is well settled that an out-of-state defendant will not be deemed to have engaged in purposeful business activity in this state merely because he has advertised products for sale in national trade magazines circulating in this state." *Phears*, 220 Ga. App. at 551.

AO 72A
(Rev.8/82)

its substantive position.  Indeed, plaintiff did not even respond to defendant's motion to dismiss her amended complaint.  Instead, in her response to defendant's first motion to dismiss, plaintiff argues that because her complaint tracked the model forms found in the Federal Rules of Civil Procedure for pleading a diversity case, the complaint must necessarily be deemed to be adequate.  That is, plaintiff believes that because she has adequately pled diversity jurisdiction, she has also adequately established personal jurisdiction.

Plaintiff is wrong in her assumption, however, as both types of jurisdiction are necessary for a federal court to adjudicate a case.  *Cf. Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999)(discussing the difference between the "two jurisdictional bedrocks" of subject matter jurisdiction and personal jurisdiction, and rejecting the notion that the existence of subject matter jurisdiction can trump the absence of personal jurisdiction.)

It may be that plaintiff could have mounted a stronger challenge to defendant's arguments.  The undersigned does not know because it has not attempted to perform legal research for the plaintiff or to take over her role as advocate.  Indeed, it is not this Court's job to do so.  *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could

8

be made based upon the materials before it on summary judgment. Rather the onus is upon the parties to formulate arguments.....")(citation omitted).

In short, plaintiff has failed to demonstrate the existence of personal jurisdiction in this case.  Given that conclusion, the Court need not address defendant's argument that venue is lacking, although defendant appears to be correct on that point as well.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** as moot Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's Complaint [3] and **GRANTS** Defendant Vaudeville Café, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [8].


So ORDERED this <u>26th</u> day of August, 2011.



<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

9